ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| POWER SECURITY, INC.<br><br>Peticionaria<br><br>v.<br><br>HOSPITAL ESPAÑOL AUXILIO MUTUO DE PUERTO RICO, INC.<br><br>Recurrido | TA2025CE00922 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso núm.: SJ2023CV09546<br><br>Sobre: Incumplimiento de Contrato, Daños y Perjuicios Contractuales |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Sánchez Ramos, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de enero de 2026.

En el contexto de una acción de cobro por servicios de seguridad prestados, el Tribunal de Primera Instancia ("TPI") autorizó que se presentara una reconvención. Se alega en la reconvención que, durante un período distinto al que es objeto de la demanda, el demandado pagó al demandante cuantías en exceso de las que en realidad correspondían bajo el contrato pertinente de servicios de seguridad. Declinamos la invitación a intervenir con la discreción ejercida por el TPI.

La demandante, Power Security, Inc. ("Power") presentó el recurso que nos ocupa el 18 de diciembre de 2025. Solicita que revisemos una orden del TPI notificada el 2 de diciembre de 2025 (la "Orden"), mediante la cual se autorizó la presentación de una reconvención por la parte demandada, Hospital Español Auxilio Mutuo de Puerto Rico, Inc. (el "Hospital").

Power arguye que la reconvención debe considerarse compulsoria, por lo cual debió presentarse al inicio del proceso,

cuando se contestó inicialmente la demanda de referencia. En cualquier caso, plantea también que la reconvención le causa perjuicio porque cambia sustancialmente la naturaleza del caso y porque habría que "prolongar innecesariamente un litigio que ya se encuentra listo para adjudicación". Subraya que el Hospital tenía a su alcance, desde el inicio del proceso, la información necesaria para formular su reconvención, pero no la presentó oportunamente.

Además, Power sostiene que, en los méritos, la reconvención no procede sobre la base de prescripción y, además, sobre la base de la doctrina de actos propios y el propio lenguaje contractual pertinente.

El Hospital presentó su alegato en oposición. Planteó que la reconvención no era compulsoria porque la demanda gira en torno a facturas del "periodo del 1 de octubre de 2021 al 21 de septiembre de 2023" y la reconvención gira en torno a "las facturas emitidas durante el periodo que comienza en enero 2018 y termina en junio de 2021". Subraya que estas últimas se emitieron y pagaron bajo un contrato anterior y distinto al que estaba en vigor cuando se emitieron las facturas objeto de la demanda. Arguye que "la economía procesal requiere que se ventile la [reconvención] en este mismo pleito." Finalmente, sostuvo que la reconvención no está prescrita ni tampoco impedida por el lenguaje del contrato entre las partes o por la doctrina de actos propios.

El recurso de *certiorari* es el vehículo procesal discrecional utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal de menor jerarquía. *IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009). Véase, además, Artículo 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491.

La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari*. Al respecto, dispone, en lo pertinente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. […]

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones señala los criterios que para ello debemos considerar. Éstos son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Véase, *IG Builders et al.,* 185 DPR a las págs. 338-339.

En este caso, no está claro que estemos autorizados a expedir el auto solicitado, por efecto de lo dispuesto por la Regla 52.1, *supra.* Resaltamos que no estamos ante una situación en la que esperar a una potencial apelación para plantear el error supuestamente cometido por el TPI causaría un "fracaso irremediable de la justicia".

De todas maneras, aun partiendo de la premisa de que la Regla 52.1, *supra,* no impediría expedir el auto solicitado, en el ejercicio de nuestra discreción, guiada por los factores de la Regla 40, *supra,* denegaríamos la expedición del mismo.

Considerada la totalidad del récord, no podemos concluir que estemos ante una decisión claramente errónea o que haya causado un "fracaso de la justicia", de tal modo esté justificada nuestra intervención. Véase Regla 40(A) y 40(G) de nuestro Reglamento, *supra.* En vez, estamos ante un ejercicio razonable por el TPI de la amplia discreción que tiene para manejar el caso ante sí.

El TPI podía razonablemente concluir que la reconvención es permisible y que es más eficiente, en términos de economía procesal, resolver las reclamaciones de ambas partes en el contexto de un solo proceso que exigir que el Hospital inicie una acción independiente. Por otra parte, la autorización de la reconvención no implica juicio, ni es necesario que consignemos postura en esta etapa, en cuanto a los planteamientos de Power sobre los <u>méritos</u> de la reconvención. Estos asuntos, relacionados con prescripción, actos propios y el lenguaje contractual, pueden y deben ser planteados y adjudicados durante la continuación del proceso.

Por los fundamentos anteriormente expuestos, se deniega la expedición del auto solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
